IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Brandi Bradford, | ) | C.A. No.:   3:25-cv-01756-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| United of Omaha Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Sumter, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Sumter, South Carolina.

III.

In this matter, Plaintiff seeks short term and long term disability benefits under ERISA plans pursuant to 29 U.S.C. § 1132(a)(1)(B) and this court has jurisdiction to consider this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)), and a number of the events transpiring during the review of Plaintiff's claim occurred in this forum.

IV.

Until September 2024, Plaintiff was employed with Cooperative Health and as an employee of Cooperative Health, Plaintiff was provided with short term (STD) and long term (LTD) disability coverage via plans which are fully insured by Defendant. Besides being the insurer of the plans, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff became disabled because of certain problems from which she suffered, Plaintiff was forced to cease working and she filed a claim for short term and long term disability benefits.

VI.

Plaintiff appealed the denial and fully exhausted administrative remedies on the STD claim. Plaintiff also filed an LTD claim. The Defendant's denial of Plaintiff's claim for STD benefits was also effectively a denial Plaintiff's claim for LTD. The definitions of "disability" in both the STD and LTD plan documents are the same. It is futile for Plaintiff to further pursue her LTD claim in light of the denial of her STD claim as a determination of disability during the STD period is a necessary prerequisite to Plaintiff drawing LTD benefits and because Plaintiff has the same disabling condition which is the basis for both the STD and LTD claims. In denying Plaintiff's STD claim Defendant also denied Plaintiff's LTD claim. Therefore, Plaintiff's STD and LTD claims are appropriately before the court, as

Plaintiff has exhausted administrative remedies on both claims and/or further attempts to exhaust administrative remedies on the LTD are futile.

VII.

Defendant made its initial claim decision while operating under a conflict of interest which significantly influenced the Defendant to deny Plaintiff's claims. The Defendant's initial decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process. Instead, the Defendant's initial decision was reached by Defendant ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions. Accordingly, Defendant operated under a conflict of interest which improperly and significantly influenced its initial claim decision.

**FOR A FIRST CAUSE OF ACTION**

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plan. In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the

record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the short term and long term disability benefits she seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ Nathaniel W. Bax
Nathaniel W. Bax, Esq.
Federal Bar #: 09835
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: nbax@fosterfoster.com

Date: March 14, 2025　　　　　　　　Attorneys for Plaintiff